# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5766 | **DATE** | 10/2/2003 |
| **CASE TITLE** | J. Craig Jennings vs. Merrill Lynch Pierce Fenner | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 10/23/2003 at 10:00 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order. Plaintiff's motion to remand [2-1] is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | OCT 0 3 2003 date docketed | |
| ✓ | Docketing to mail notices. | | 7 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| RO | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATED DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| J. CRAIG JENNINGS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 03 C 5766 |
| ) | |
| ) | Judge Ruben Castillo |
| MERRILL LYNCH PIERCE FENNER & ) | |
| SMITH, INCORPORATED, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff J. Craig Jennings ("Jennings") filed suit in the Circuit Court of Kane County, Illinois against defendant Merrill Lynch Pierce Fenner & Smith, Inc. ("Merrill Lynch"), alleging that Merrill Lynch breached a settlement agreement between the parties by failing to transfer Jennings's client's assets to Jennings's new employer, actively soliciting Jennings's clients and impairing Jennings's relationship with those clients. Jennings prayed for injunctive relief, (R. 1, Def.'s Notice of Removal, Ex. A., Pl.'s Compl. at ¶¶ 21, 34(c)), and requested damages in excess of $75,000 for tortious interference with contractual relations, violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICDBPA"), 815 ILCS § 505/1 *et seq.*, and violation of the Illinois Uniform Deceptive Trade Practices Act ("IUDTPA"), 815 ILCS § 510/1 *et seq.* (*Id.* at ¶¶ 21, 27, 34.) Merrill Lynch removed the case to federal court pursuant to 28 U.S.C. § 1441(a) on the basis of diversity jurisdiction. 28 U.S.C. § 1332. Jennings now moves for an emergency remand to state court for lack of subject matter jurisdiction, asserting that his claims are now worth less than the minimum amount in controversy required for federal

jurisdiction. (R. 2, Pl.'s Emergency Mot. to Remand at ¶ 2.) Jennings also seeks leave to file an amended complaint to reflect that the amount sought is less than $75,000. (*Id.* at ¶ 6.) For the reasons set out herein, we deny Jennings's motion to remand. (R. 2-1.)

## RELEVANT FACTS

Jennings first filed a complaint against Merrill Lynch on July 5, 2001, alleging that Merrill Lynch placed Jennings in a false light and committed age discrimination against him in violation of 28 U.S.C. § 621 *et seq.* (R. 5, Def.'s Mem. in Opp'n to Pl.'s Mot. to Remand, Ex. A, Pl.'s Compl at ¶ 3.) Jennings and Merrill Lynch entered into a settlement agreement in connection with the suit, the alleged breach of which forms the basis of the present dispute. The settlement agreement contained various provisions regarding Jennings's retirement from Merrill Lynch as a securities broker, including an agreement by Jennings to dismiss with prejudice his age discrimination suit and assurances that he would release Merrill Lynch from liability to "the fullest extent of the law." (*Id.* at ¶ 8.)

Under the terms of the settlement agreement, Merrill Lynch agreed to "take no actions, at any time, to interfere with or delay the prompt, documented and efficient transfer of accounts and/or assets as directed by any of Jennings's clients." (*Id.* at ¶ 6.) The settlement agreement also provided that Merrill Lynch would: (1) place Jennings's clients on a "do not solicit list"; (2) not discourage any of Jennings's clients from transferring assets or accounts from Merrill Lynch to Jennings's new employer; and (3) not solicit any of Jennings's clients before December 31, 2003. (*Id.* at ¶ 7.)

Jennings now claims, in a complaint filed in the Circuit Court of Kane County on August 6, 2003, that Merrill Lynch did not keep its end of the bargain. Jennings alleges that Merrill

2

Lynch's conduct has significantly impaired Jennings's relationships with his clients and amounts to a breach of the settlement agreement. (*Id.* at ¶¶ 14, 18.) The complaint further alleges that Merrill Lynch failed to transfer to Jennings's new employer all of Jennings's clients who requested to be transferred, (*id.* at ¶¶ 10–11), and that Merrill Lynch has and continues to solicit Jennings's yet-to-be transferred clients through verbal and written requests and actual meetings, (*id.* at ¶ 12). Jennings asserts that Merrill Lynch's conduct has caused him the "loss of business, customers, business opportunities, profits, good will, and reputation." (*Id.* at ¶ 27.)

Specifically, Jennings's complaint claims that: (1) there is a genuine controversy as to the parties' rights under the settlement agreement; (2) Merrill Lynch's conduct amounts to tortious interference with contractual relations; and (3) Merrill Lynch's conduct violates the ICDBPA and the IUDTPA. (*Id.* at ¶¶ 20, 24–25, 29–33.) The complaint prays the Court to award "compensatory damages . . . [and] punitive damages in such sum as is consistent with the evidence presented at trial, plus costs of the suit" and "any and all other such relief as [the] [C]ourt deems just and equitable," but also describes the injury and damages as "in excess of $75,000" for Counts II and III. (*Id.* at ¶¶ 27, 34.) Additionally, Jennings prays for injunctive relief on Count I, seeking to: (1) halt Merrill Lynch's supposed communications and solicitations with Jennings's clients; (2) recover from Merrill Lynch the identity of his clients with whom Merrill Lynch has had contact since the date of the settlement agreement; and (3) require Merrill Lynch to produce all documentation sent to Jennings's clients since the settlement agreement date. (*Id.* at ¶ 21.)

On August 18, 2003, Merrill Lynch timely filed a notice of removal with this Court. (R. 1, Def.'s Notice of Removal.) Subject matter jurisdiction rested on the basis of federal diversity

jurisdiction pursuant to 28 U.S.C. § 1332. Merrill Lynch relied on the face of Jennings's complaint to support both the diversity-of-citizenship and amount-in-controversy requirements. The diversity-of-citizenship requirement is not contested by either party: Jennings is a citizen of the state of Illinois, while Merrill Lynch is incorporated under the laws of the state of Delaware with its principal place of business in New York. (*Id.* at ¶ 6.) As to the amount-in-controversy requirement, however, Merrill Lynch relied solely on the *ad damnum* clauses of Jennings's state court complaint, which sought damages in excess of $75,000 for both Counts II and III. (*Id.* at ¶¶ 4, 7.) On August 19, 2003, the day after Merrill Lynch filed its notice of removal, Jennings filed an emergency motion to remand. (R. 2, Pl.'s Emergency Mot. to Remand at ¶¶ 2, 6.) Jennings also sought to file an amended complaint to amend the amount of damages to less than $75,000 for Counts II and III. (*Id.* at ¶¶ 4–5.) Presently before the Court is Jennings's motion to remand.

## ANALYSIS

Jennings essentially argues in his motion to remand that his prayer for damages in excess of $75,000 in his state court complaint was in error and that he intended to limit his damages in state court to less than the jurisdictional minimum required for diversity jurisdiction under 28 U.S.C. § 1332.[1] In the alternative, Jennings argues that Merrill Lynch failed to meet its burden of showing that the amount in controversy exceeds the jurisdictional requirement, thus making removal improper.

The party invoking federal diversity jurisdiction assumes the burden of demonstrating that both the complete diversity and amount in controversy requirements are met. *Chase v. Stop*

---

[1] 28 U.S.C. § 1332 provides that "[t]he district courts shall have original jurisdiction . . . where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states . . . ."

*'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). In order to meet this burden, the defendant must support the jurisdictional allegations with "competent proof," *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936), which in the Seventh Circuit requires the removing party to proffer evidence that establishes "to a reasonable probability that jurisdiction exists." *Chase*, 110 F.3d at 427 (*citing Gould v. Artisoft, Inc.*, 1 F.3d 544, 547 (7th Cir. 1993)). Because neither Jennings nor Merrill Lynch disputes the presence of complete diversity of citizenship, Merrill Lynch must show, to a reasonable probability, that the amount in controversy exceeds $75,000.

An inquiry into determining the amount in controversy typically starts with the face of the complaint, where the plaintiff's request for relief indicates the value of the claim. *Chase*, 110 F.3d at 427. Here, Jennings claimed damages in "excess of $75,000" in two of his three counts. (R. 5, Def.'s Mem. in Opp'n to Pl.'s Mot. to Remand, Ex. A, Pl.'s Compl. at ¶¶ 27, 34.) Jennings, however, apparently reconsidered the value of his claims after Merrill Lynch filed its motion to remand, and he now desires to amend his complaint to reduce the amount in his *ad damnum* clauses to "less than $75,000" for both Counts II and III. (R. 2, Pl.'s Emergency Mot. to Remand at ¶¶ 2, 4–6.) In examining the amount in controversy, the Court is restricted, however, to considering only the evidence that was present at the time the removal petition was filed. *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992) (per curium) (stating that a post-removal stipulation or affidavit limiting recovery of damages to less than the jurisdictional amount is no more effective than a post-removal amendment of the complaint in authorizing remand).

Thus, the relevant question is whether the evidence of the amount in controversy present at the time of removal proved to a reasonable probability that the jurisdictional amount was met.

In meeting its burden, Merrill Lynch relied upon the amounts claimed in the *ad damnum* clauses of the complaint, which demand compensatory damages in excess of $75,000 and also upon its information and belief as to the value of Jennings's claim. (R. 1, Def.'s Mot. to Remove at 7; R. 5, Def.'s Mem in Opp. to Pl.'s Mot. to Remand at 1.) Specifically, in Count II, Jennings seeks both compensatory and punitive damages for tortious interference with contractual relations, and in Count III, he seeks damages under the ICDBPA, which allows for the grant of actual economic damages or any other relief deemed proper by the Court. *See* 815 ILCS § 505/10(a). (R. 5, Def.'s Mem. in Opp'n to Pl.'s Mot. to Remand, Ex. A, Pl.'s Compl. at ¶¶ 27, 34.) Jennings describes Merrill Lynch's conduct as "intending to harass, annoy, injure, destroy and/or otherwise interfere with plaintiff's business," and states that Merrill Lynch has diminished his "good will, reputation, profits, business opportunities, referrals and clients" by "willfully and intentionally interfered with . . . [his] business advantage." (R. 1, Def.'s Notice of Removal, Ex. A, Pl.'s Compl. at ¶¶ 25–26, 34.)

Jennings argues that in relying solely on the complaint, Merrill Lynch failed to demonstrate to a reasonable probability that the amount in controversy exceeds $75,000 because it failed to provide any further evidence. Jennings asserts that Merrill Lynch would be neither willing or able to produce a corporate representative to testify that damages exceed $75,000. Perhaps this is true, but Merrill Lynch was not required to proffer *additional* evidence that the jurisdictional amount was satisfied when, as here, all of the evidence it needs is obvious from the face of the complaint. *Shaw v. Dow Brands, Inc.* 994 F.2d 364, 366-68 (7th Cir. 1993) (stating that removal decisions are normally determined by looking to the plaintiff's state court complaint and the record *at the time of removal*). Merrill Lynch and this Court are entitled to rely on

Jennings's assessment of his damages in the complaint. *Id.* at 368.

On pain of sanction, by signing the complaint, Jennings's counsel is treated as certifying that: (1) a reasonable inquiry has taken place; (2) the complaint is well-grounded in law and fact; (3) the complaint is not interposed for any improper purpose; and (4) it has been read. *See* Ill. Sup. Ct. R. 137. Neither this Court nor the defendant can be left to speculate as to what the plaintiff really meant; it is the province of counsel to make reasonable efforts to insure that the complaint is accurate before it is filed. Therefore, this Court assumes that Jennings made a good-faith claim as to his damages suffered. Similarly, this Court assumes that Merrill Lynch conducted an adequate investigation into the allegation since it averred in its removal petition that at least $75,000 was indeed in controversy. Thus, federal diversity jurisdiction existed at the time of removal, and remand is not now warranted.

Jennings relies on *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830-33 (1989) for the proposition that, under 28 U.S.C. § 1653,[2] he is permitted to amend his complaint to correct a defective jurisdictional allegation. (R. 6, Pl.'s Reply in Supp. of Pl.'s Mot. to Remand at 1.) *Newman-Green*, however, dealt with the existence of complete diversity where the question was whether an appellate court could dismiss a dispensable party in order to *preserve* federal jurisdiction. *Id.* at 830–31. The *Newman-Green* Court interpreted section 1653 as applying only in situations where jurisdiction actually exists but the jurisdictional allegation is incorrect.[3] *Id.* at 831. Jennings's situation is not analogous because he is not attempting to

---

[2] 28 U.S.C. § 1653 provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."

[3] The claim in *Newman-Green* was originally brought in district court on the basis of diversity jurisdiction. During oral argument before the Seventh Circuit, an inquiry into the basis

7

preserve federal jurisdiction; he is trying to oust this Court's jurisdiction.

Once a case has been removed, the plaintiff cannot by stipulation, affidavit, or amendment of his pleading, deprive the district court of jurisdiction by reducing the claim to less than the jurisdictional minimum. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1939). As the Supreme Court explained in *St. Paul*:

> If the plaintiff could, no matter how bona fide his original claim in state court, reduce the amount of his demand to defeat federal jurisdiction the defendant's supposed statutory right of removal would be subject to the plaintiff's caprice. The claim, whether well or ill founded in fact, fixes the right of the defendant to remove, and the plaintiff ought not to be able to defeat that right and bring the cause back to the state court at his election.

*Id.* at 294. Jennings's attempt to amend his complaint post-removal does not deprive this Court of jurisdiction. Merrill Lynch was entitled to rely on the face of the complaint to invoke federal jurisdiction. After removal, reducing the amount of damages claimed does not eliminate that right. *Id.* at 296.

## CONCLUSION

For the foregoing reasons, we deny Jennings's motion to remand. (R. 2.)

ENTERED:

Judge Ruben Castillo
United States District Court

Dated: October 2, 2003

---

of the court's jurisdiction revealed that one of the defendants did not meet the diversity of citizenship requirement as she was "stateless" for purposes of section 1332(a)(3), which defeated federal jurisdiction. *Newman-Green*, 490 U.S. at 828–30. Thus, section 1653 did not apply in *Newman-Green* because federal jurisdiction did not actually exist.

8